UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - - - - -

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:20-CR-00031 |
| Plaintiff, | |
| | Hon. Paul L. Maloney |
| v. | U.S. District Judge |
| AMY JO-MANSHUM JOHN, <br> a/k/a AMY JO JOHN, <br> a/k/a AMY JO MANSHUM JOHN, <br> a/k/a AMY JO MANSHUM, | |
| Defendant. | |
|  _____/ | |

## PLEA AGREEMENT

This constitutes the plea agreement between Amy Jo-Manshum John (hereinafter, "Defendant") and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1. <u>Defendant Agrees to Plead Guilty</u>. Defendant agrees to plead guilty to Count 1 of the Indictment. Count 1 charges Defendant with Interference with Flight Crew Members and Attendants, in violation of Title 49, United States Code, Section 46504.

2. <u>Defendant Understands the Crime</u>. In order for Defendant to be guilty of violating Title 49, United States Code, Section 46504 as charged in the indictment, the following must be true:

    a. Defendant was aboard an aircraft in the special aircraft jurisdiction of the United States, namely, Allegiant Airlines Flight # 1795, a nonstop flight on December 14, 2019 from Fort Lauderdale – Hollywood International Airport, Broward County, Florida, in the

Southern District of Florida, to Gerald R. Ford International Airport, Kent County, Michigan, in the Western District of Michigan;

    b. Defendant knowingly assaulted D.W., a flight attendant of the aircraft. Specifically, while the flight was in progress, defendant swung twice at D.W. to strike her; and

    c. Such assault interfered with the performance of the duties of the flight attendant and lessened D.W.'s ability to perform her duties as a flight attendant.

Defendant is pleading guilty because Defendant is guilty of the charge described above.

  3. <u>Defendant Understands the Penalties</u>. The statutory maximum sentence that the Court can impose for a violation of Title 49, United States Code, Section 46504, is the following: 20 years' imprisonment; a 3-year period of supervised release; a fine of $250,000; and a mandatory special assessment of $100. Defendant agrees to pay the special assessment at or before the time of sentencing unless Defendant affirmatively demonstrates to the Court that she lacks the ability to pay.

  4. <u>Supervised Release Defined.</u> Supervised release is a period of time following imprisonment during which Defendant will be subject to various restrictions and requirements. Defendant understands that if she violates one or more of the conditions of any supervised release imposed, she may be returned to prison for all or part of the term of supervised release, which could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

  5. <u>Factual Basis of Guilt.</u> Defendant and the U.S. Attorney's Office agree and stipulate to the following statement of facts which need not be proven at the time of the plea or sentencing:

On or about December 14, 2019, while aboard Allegiant Airlines Flight # 1795, an aircraft in the special aircraft jurisdiction of the United States, on a nonstop flight from Fort Lauderdale – Hollywood International Airport, Broward County, Florida, in the Southern District of Florida, to Gerald R. Ford International Airport, Kent County, Michigan, in the Western District of Michigan, Defendant knowingly assaulted D.W., a flight attendant of the aircraft, and such assault interfered with the performance of the duties of the flight attendant and lessened D.W.'s ability to perform her duties as a flight attendant. Specifically, while the flight was in progress, Defendant swung her arm twice at D.W. to strike her.

6. <u>Relevant Conduct.</u> Defendant and the U.S. Attorney's Office agree and stipulate to the following statement of facts as relevant conduct per Section 1B1.3 of the Sentencing Guidelines which need not be proven at the time of the plea or sentencing:

On or about December 14, 2019, while aboard Allegiant Airlines Flight # 1795, an aircraft in the special aircraft jurisdiction of the United States, on a nonstop flight from Fort Lauderdale – Hollywood International Airport, Broward County, Florida, in the Southern District of Florida, to Gerald R. Ford International Airport, Kent County, Michigan, in the Western District of Michigan, Defendant knowingly intimidated K.N., J.C., and B.H., flight attendants of the aircraft, and such intimidation interfered with the performance of the duties of these flight attendants and lessened their ability to perform their duties as flight attendants. Specifically, while the flight was in progress, Defendant was disruptive, unruly, and disobedient.

7. <u>The United States Attorney's Office Agrees:</u>

a. <u>Dismissal of Other Count.</u> The U.S. Attorney's Office agrees to move to dismiss the remaining count (Count 2) of the Indictment against Defendant at the time of sentencing.

b. <u>Acceptance of Responsibility.</u> The U.S. Attorney's Office agrees not to oppose Defendant's request for a two-level reduction of her offense level for acceptance of responsibility under Section 3E1.1(a) of the Sentencing Guidelines. However, the U.S. Attorney's Office reserves the right to object to Defendant's request if it subsequently learns of conduct by Defendant that is inconsistent with the criteria set forth in the Commentary to Section

3E1.1. Should the Court grant a two-level reduction as provided herein, the Government will move the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater pursuant to Section 3E1.1(b).

        c.      <u>Non-Prosecution Agreement.</u>  The U.S. Attorney's Office for the Western District of Michigan agrees, except for criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371), not to further prosecute Defendant for violations of Title 49, United States Code, Section 46504 arising out of Defendant's conduct on December 14, 2019 while aboard Allegiant Airlines Flight # 1795 from Fort Lauderdale – Hollywood International Airport, Broward County, Florida, in the Southern District of Florida, to Gerald R. Ford International Airport, Kent County, Michigan, in the Western District of Michigan. Defendant understands that the U.S. Attorney's Office is free to prosecute Defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement.

    8.    <u>The Sentencing Guidelines</u>.  Defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must consult the Guidelines and take them into account when sentencing Defendant. Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. Defendant understands that Defendant and Defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed. Defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the

Guideline range, subject to the statutory maximum penalties described elsewhere in this Agreement. Defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

9. <u>Non-Binding Stipulations Regarding Guideline Factors and Supervised Release</u>.

Other than the Stipulations set forth below pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure as party recommendations non-binding to the Court, Defendant and the U.S. Attorney's Office have no agreement as to the applicable Sentencing Guidelines factors or the appropriate guideline range. Both parties reserve the right to seek any sentence within the statutory maximum, and to argue for any criminal history category and score, offense level, specific offense characteristics, adjustments, and departures not otherwise addressed below.

a. The applicable Guideline section is USSG § 2A5.2(a)(4), which provides a base offense level of 9.

b. The facts of this case support no specific offense characteristic increases or cross references in USSG §§ 2A5.2(b) or (c).

c. The parties have consulted the federal sentencing guidelines and the recommended sentencing range that Defendant is likely to fall within under them. The parties have also considered 18 U.S.C. § 3553 and its possible impact upon Defendant's ultimate sentence. As a result of these considerations, the parties have agreed that a just sentence in this case would be no confinement and two years of supervised release, with alcohol and substance abuse treatment a necessary condition of a term of supervised release.

Defendant understands that neither the United States Probation Office nor the Court is bound by any stipulation in this agreement, and that the Court, with the aid of the presentence

5

report, will determine the facts and calculations relevant to sentencing. Both Defendant and the U.S. Attorney's Office are free to supplement the facts stipulated to in this agreement by supplying relevant information to the United States Probation Office and the Court, and to correct any and all factual misstatements relating to the calculation of the sentence. Defendant understands that if the Court finds facts or reaches conclusions different from those in any stipulation contained in this agreement, she cannot, for that reason alone, withdraw her guilty plea.

10. <u>Waiver of Constitutional Rights</u>. By pleading guilty, Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of Defendant's guilty plea, there will be no trial. At any trial, whether by jury or by the Court, Defendant would have had the following rights:

  a. The right to the assistance of counsel, including, if Defendant could not afford an attorney, the right to have the Court appoint an attorney to represent Defendant.

  b. The right to be presumed innocent and to have the burden of proof placed on the Government to prove Defendant guilty beyond a reasonable doubt.

  c. The right to confront and cross-examine witnesses against Defendant.

  d. The right, if Defendant wished, to testify on Defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

  e. The right not to be compelled to testify, and, if Defendant chose not to testify or present evidence, to have that choice not be used against Defendant.

f. By pleading guilty, Defendant also gives up any and all rights to pursue in this Court or on appeal any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

11. <u>Waiver of Other Rights.</u>

a. <u>Waiver</u>. In exchange for the promises made by the government in entering this plea agreement, Defendant waives all rights to appeal or collaterally attack Defendant's conviction, sentence, or any other matter relating to this prosecution, except as listed below.

b. <u>Exceptions</u>. Defendant may appeal or seek collateral relief to raise a claim, if otherwise permitted by law in such a proceeding, on the following grounds:

1) Defendant's sentence on any count of conviction exceeded the statutory maximum for that count;

2) Defendant's sentence was based on an unconstitutional factor, such as race, religion, national origin, or gender;

3) the district court incorrectly determined the Sentencing Guidelines range, if Defendant objected at sentencing on that basis;

4) the guilty plea was involuntary or unknowing;

5) an attorney who represented Defendant during the course of this criminal case provided ineffective assistance of counsel.

If Defendant appeals or seeks collateral relief, Defendant may not present any issue in the proceeding other than those described in this subparagraph.

12. <u>Waiver of FOIA and Privacy Act Rights</u>.   Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

13. <u>The Court is not a Party to this Agreement</u>.   Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed.   Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, Defendant cannot, for that reason, withdraw her guilty plea, and she will remain bound to fulfill all her obligations under this agreement.   Defendant understands that no one – not the prosecutor, Defendant's attorney, or the Court – can make a binding prediction or promise regarding the sentence Defendant will receive, except that it will be within the statutory maximum.

14. <u>This Agreement is Limited to the Parties</u>.   This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authority.   This agreement applies only to crimes committed by Defendant.   This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

15. <u>Consequences of Breach</u>.   If Defendant breaches any provision of this agreement, whether before or after sentencing, the United States shall have the right to terminate this agreement, or deny any or all benefits to which Defendant would otherwise be entitled under the

terms of this agreement. In the event that the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed. In such an event, Defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. Defendant further agrees to waive and forever give up her right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one year of the breach that gives rise to the termination of this agreement.

16. <u>This is the Complete Agreement.</u> This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties. No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

ANDREW BYERLY BIRGE
United States Attorney

4/30/2020 /s/ Clay M. West
Date CLAY M. WEST
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

4/27/20
Date

AMY JO-MANSHUM JOHN
Defendant

I am Amy Jo-Manshum John's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of her rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

4/29/2020
Date

JAMES FISHER
Attorney for Defendant