UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

       Plaintiff,

                         Case No. 1:20-cr-31

v.

                         Hon. Paul L. Maloney
                         United States District Judge

AMY JO-MANSHUM JOHN,

       Defendant.
_____/

**MOTION TO WITHDRAW AS COUNSEL AND BRIEF IN SUPPORT**

James Stevenson Fisher, of the Office of the Federal Public Defender, moves this Honorable Court to enter an order allowing him to withdraw as counsel for the defendant Amy Jo-Manshum John. In support of this motion, counsel offers the following brief, which demonstrates that there has been a breakdown in the attorney-client relationship that would render further representation unreasonably difficult, if not impossible. Counsel has contacted the AUSA in this matter, Clay West, who indicated that the government takes no position on this motion.

*Brief in Support*

Ms. John was charged in a two-count Indictment on February 11, 2020, with two counts of interference with flight crew members and attendants in violation of 49 U.S.C. § 46504. A change of plea hearing is currently scheduled for Tuesday, May 5, 2020, at 11:00 a.m. Trial dates were adjourned without date due to the COVID-19 pandemic.

Despite counsel's best efforts, it appears that the attorney-client relationship has broken down irreparably. Ms. John has repeatedly indicated she is not comfortable with counsel, that counsel is aligned with the government and against her, and believes counsel is not working in her best interest. Counsel has made several recent attempts to communicate with Ms. John and Ms. John is unable to effectively consult with counsel. While counsel has worked to provide the very best representation possible for Ms. John, including multiple conferences with the prosecution in an attempt to resolve the case in an acceptable manner to Ms. John, it appears that the attorney-client relationship is beyond salvage in this case.

Counsel and Ms. John have had a rocky relationship throughout this matter. Counsel thought they had worked through it, and would be able to proceed with this matter, However, Ms. John indicated today, May 1, 2020, that she no longer trusted counsel and no longer wanted counsel to represent her. Clearly to Ms. John, there has been a substantial and significant breakdown in the relationship. Despite repeated efforts, a breakdown has occurred and the parties maintain it is irreparable.

Counsel also does not believe that substituting counsel would result in significant delay. The government filed an ends-of-justice continuance which the Court granted and adjourned trial dates until further notice. (ECF No. 18, Order, PageID.37). Currently, Ms. John is scheduled to plead guilty on May 5, 2020.

Under these circumstances, it seems the interests of justice would best be served by appointment of replacement counsel with whom Ms. John may be able to develop a more

productive attorney-client relationship.  The Federal Public Defender's Office respectfully requests permission to withdraw from this case.  The rules governing attorney conduct allow for such withdrawal.  Under Michigan Rule of Professional Conduct 1.16, counsel may withdraw from representation when a client insists upon pursuing an imprudent objective, renders representation unreasonably difficult, or other good cause to withdraw exists.  MRPC 1.16(b)(3), (5), & (6).  Local Rule of Practice and Procedure 2.5 allows for withdrawal of counsel by leave of Court.  Given the situation, good cause to grant withdrawal appears to exist here.

                Respectfully submitted,

                SHARON A. TUREK
                Federal Public Defender

                <u>/s/ James Stevenson Fisher</u>
                JAMES STEVENSON FISHER
                Assistant Federal Public Defender
                50 Louis NW, Suite 300
                Grand Rapids, Michigan  49503
Dated:  May 1, 2020           (616) 742-7420